UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MARK MILLER,                                  :
                                              :      CASE NO. 1:12-CV-663
            Plaintiff,                        :
                                              :
       v.                                     :      OPINION & ORDER
                                              :      [Resolving Doc. No. 3]
CREDIT ACCEPTANCE                             :
CORPORATION,                                  :
                                              :
            Defendant.                        :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Mark Miller filed this lawsuit in Ohio state court against Defendant Credit Acceptance Corporation (CAC), claiming that CAC "unreasonably interfered with and damaged" his "rights and good credit" when it "failed to report . . . to credit bureaus" certain payments Plaintiff made pursuant to "an automobile finance agreement." [Doc. 1-1]. Although Miller's original state-court complaint recited that "[t]his action arises out of a breach of contract" by CAC, CAC—in a motion to dismiss filed in state court—responded that Miller apparently had tried to state a claim for violation of the federal Fair Credit Reporting Act. *Id.* That motion, which argued that Miller's claims were "governed by the Fair Credit Reporting Act," requested dismissal on the ground that the Fair Credit Reporting Act did not provide Miller a private right of action. *Id.*

-1-

Case No. 1:12-CV-663
Gwin, J.

Nearly five months after CAC filed its motion, the state court denied it. *See* [Doc. 11-1]. Five months after that, Miller filed an amended complaint, adding several state-law claims and expressly identifying a claim for violation of the federal Fair Credit Reporting Act. *See* [Doc. 1-1]. Twenty-nine days later, CAC filed a notice of removal in this Court. *See id.*

Miller now asks the Court to remand, arguing that CAC was not permitted to remove more than thirty days after service of the original state-court complaint because CAC had notice that the original complaint asserted a federal claim. *See* [Doc. 3]. CAC opposes Miller's motion. *See* [Doc. 11]. For the following reasons, the Court grants Miller's motion to remand.

I.

Whether CAC's notice of removal was timely filed depends solely on whether Miller's original state-court complaint was "removable." 28 U.S.C. § 1446(b)(3). If that complaint was removable, then CAC missed its thirty-day window to remove by nearly a year. *See* 28 U.S.C. § 1446(b)(1). If, however, Miller's original complaint was not removable, then CAC's notice of removal was timely filed twenty-nine days after service of Miller's amended state-court complaint. *See* 28 U.S.C. § 1446(b)(3).[1]

Generally, a state-court case is "removable" to federal court if federal-court subject-matter jurisdiction exists. *See* 28 U.S.C. § 1441(a). And federal courts have subject-matter jurisdiction over, among other cases not relevant here, cases in which the plaintiff has asserted a federal claim.

---

[1] Miller mistakenly argues that CAC's removal was untimely because CAC failed to file a notice of removal with the *state* court within thirty days after Miller filed his amended complaint. The removal statutes require a removing defendant to file a notice of removal in *federal* court within thirty days after the case becomes removable, *see* 28 U.S.C. § 1446(a) & (b), and then require the defendant to notify the state court "[p]romptly after the filing of such notice of removal," 28 U.S.C. § 1446(d). Notice to the state court "effect[s] the removal," but need only be given promptly, and not necessarily within the thirty-day removal window. 28 U.S.C. § 1446(d).

Case No. 1:12-CV-663
Gwin, J.

*See* 28 U.S.C. § 1331. The relevant question, then, is whether Miller's original complaint sufficiently identified a federal claim such that CAC "had notice of the grounds for removal." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

Miller's original state-court complaint did not explicitly identify any federal claim, but it did assert (1) that the lawsuit was "necessary to protect the rights and good credit of Plaintiff which has been unreasonably interfered with and damaged by the actions of Defendant"; (2) that "Defendant failed to report [Miller's regular car] payments to credit bureaus causing Plaintiffs [sic] credit to be substantially harmed"; and (3) that, as a result of CAC's failure, "Plaintiff has been unable to obtain new lines of credit for purchases." [Doc. 1-1]. In addition, Miller's prayer for relief requested "attorney's fees," a remedy generally unavailable for breach-of-contract claims. *Id.*

It's unsurprising, then, that CAC recognized the federal Fair Credit Reporting Act claim at the heart of Miller's original complaint. As CAC wrote in its motion to dismiss: "Although Plaintiff claims that this action 'arises out of a breach of contract by the Defendant', Plaintiff's Complaint pleads a claim for violations of the Fair Credit Reporting Act." *Id.* Because Miller's original state-court complaint "reveal[ed] a ground for removal," CAC was "bound to file a notice of removal within 30 days" after receipt of that complaint. *Lovern*, 121 F.3d at 162. CAC instead elected to proceed in state court, a course it cannot now change.

III.

Because this case was removable in April 2011, CAC's notice of removal was not timely

Case No. 1:12-CV-663
Gwin, J.

filed. Accordingly, the Court **GRANTS** Miller's motion to remand, [Doc. 3].

    IT IS SO ORDERED.


Dated: May 9, 2012                      s/      *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE