UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| MARK MILLER, | : | |
| | : | CASE NO. 12-CV-663 |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 21] |
| CREDIT ACCEPTANCE | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In a prior opinion, *see* [Doc. 19,] the Court concluded that Defendant Credit Acceptance Corporation (CAC) had improperly removed this case to federal court and granted Plaintiff Mark Miller's motion to remand to Ohio state court. Miller now moves to recover "the costs and attorneys' fees [he] accrued as a result of [CAC's] improper removal of this case." [Doc. 21.] CAC opposes Miller's motion. *See* [Doc. 24.] Because the Court finds that CAC had an objectively reasonable, although ultimately incorrect, basis for removal, the Court **DENIES** Miller's motion.

Miller's original state-court complaint alleged that CAC "unreasonably interfered with and damaged" his "rights and good credit" when it "failed to report . . . to credit bureaus" certain payments Miller made pursuant to "an automobile finance agreement." [Doc. 1-1.] Although Miller's complaint recited that "[t]his action arises out of a breach of contract" by CAC, CAC—in

-1-

Case No. 1:12-CV-663
Gwin, J.

a motion to dismiss filed in state court—responded that Miller had apparently tried to state a claim

for a violation of the federal Fair Credit Reporting Act (FCRA). *Id.* That motion, which argued that

Miller's claims were "governed by the Fair Credit Reporting Act," requested dismissal on the ground

that the Fair Credit Reporting Act did not provide Miller a private right of action. *Id.*

Nearly five months after Defendant CAC filed its motion, the state court denied it. *See* [Doc.

11-1.] Five months after that, Miller filed an amended complaint, adding several state-law claims

and expressly claiming that CAC violated the federal FCRA. *See* [Doc. 1-1.] Twenty-nine days

later, Defendant CAC filed a notice of removal in this Court. *See id.* Miller then asked the Court

to remand, arguing that CAC was not permitted to remove the action more than thirty days after

service of the original state-court complaint because CAC was on notice that the original complaint

asserted a federal claim. *See* [Doc. 3.] The Court agreed and granted Miller's motion to remand.

[Doc. 19.]

Title 28, United States Code, Section 1447(c) provides that "an order remanding [an

improperly removed] case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." The statute does not create a presumption for or

against awarding fees on remand, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005), but

"[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal," *id.* at 141. This

standard "recognizes the desire to deter removals sought for the purpose of prolonging litigation and

imposing costs on the opposing party, while not undermining Congress' basic decision to afford

defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Although CAC's removal was not proper, it was objectively reasonable. Miller's initial

Case No. 1:12-CV-663
Gwin, J.

complaint only obliquely stated a federal claim.   The very fact that Miller amended his state-court complaint—adding an explicit FCRA claim—suggests that Miller himself thought his original complaint did not well-state the federal claim.   And there is no indication that CAC's attempted removal was a deliberate attempt to delay resolution of this case.   Although CAC's state-court motion to dismiss argued that Miller could not succeed on an FCRA claim, this proves only that CAC believed Miller should have asserted a federal claim.   It does not necessarily compel the conclusion that CAC believed the original action was removable.   Moreover, in response to CAC's motion to dismiss, Miller *affirmatively stated that he was not asserting a claim under the FCRA.* *See* [Doc. 1-1.]   The state court later denied CAC's motion to dismiss without explanation. Therefore, it was reasonable for CAC to believe that the initial action was not removable and that it therefore could properly remove Miller's amended complaint.

It is true, as Miller points out, that removal may be objectively unreasonable when the defendant erroneously believes that federal jurisdiction exists.  *Warthman v. Genoa Twp. Bd. of Trs.,* *549 F.3d 1055, 1061 (6th Cir. 2008).*  But this case is different.   Federal subject-matter jurisdiction existed over both Miller's original and amended claims.   Although CAC may have erroneously believed that its removal was timely, such a belief can be—and here was—objectively reasonable. *See, e.g.,* *Geriak v. ARNCO,* 1:10-CV-02856, 2011 WL 1539929 (N.D. Ohio Apr. 22, 2011) (Defendant had an objectively reasonable, if incorrect, belief that its late removal was appropriate).

For these reasons, the Court **DENIES** Miller's motion, [Doc. 21.]

IT IS SO ORDERED.

Dated:  June 27, 2012                                           s/          *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE